IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RYAN ANDREW LUMLEY                                                                                      PLAINTIFF

v.                         Civil No. 5:24-CV-05252-TLB-CDC

OFFICER H. SERATT, Fayetteville Police Department ("FPD");
OFFICER BENJAMIN JAMES BRIXEY, FPD;
OFFICER KEENAN JAMAL ROBINSON, FPD;
OFFICER JOSEPH BELL HALL, III, FPD; and
STATE OF ARKANSAS                                                                                      DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff Andrew Lumley, an inmate at the Washington County Detention Center ("WCDC"), files this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1). Plaintiff proceeds *pro se* and *in forma pauperis* ("IFP"). (ECF No. 3). This case was directly assigned to the undersigned Magistrate Judge pursuant to General Order 2024-02, but not all parties to the action have consented to the jurisdiction of the undersigned. *See* 28 U.S.C. § 636(c). Accordingly, for the purpose of preservice review pursuant to 28 U.S.C. § 1915A(a), the case will automatically be reassigned to United States District Judge Timothy L. Brooks and referred to the undersigned for a report and recommendation pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3).

Upon review, this Court recommends that Plaintiff's excessive force claim against Fayetteville Police Officers Benjamin Brixey, Keenan Robinson, Joseph Hall, and H. Seratt in their individual capacities proceed (claim one) and that all other claims be dismissed without

prejudice.[1]  *See* 28 U.S.C. § 1915A(b)(1).

## BACKGROUND

Upon initial review of Plaintiff's original complaint pursuant to 28 U.S.C. § 1915A(a), this Court found that the complaint included claims that were improperly joined. (ECF No. 3). Accordingly, in accordance with Rule 21 of the Federal Rules of Civil Procedure, the improperly joined claims were severed with Plaintiff's excessive force claims against Defendants Brixey, Robinson, Hall, and Seratt remaining. *Id.*  Plaintiff was ordered to submit an amended complaint asserting only his claims against Defendants Brixey, Robinson, Hall, and Seratt.  *Id.*  Plaintiff subsequently submitted that Amended Complaint asserting three grounds for relief.  (ECF No. 6).

First, Plaintiff says that on March 11, 2022, he was in his garage experiencing a mental health crisis when Defendant Robinson tackled him to the ground without warning.  Plaintiff says that other officers then jumped on him with their knees on his back and head.  Plaintiff claims he was subsequently arrested on false charges and not provided any mental health treatment.  (ECF No. 6, pp. 5-6).

Second, Plaintiff claims that after his arrest, the officers failed to take him to a mental health hospital even though they had been responding to a "mental health" 911 call.  *Id.*, p. 7. Instead, officers transported Plaintiff to the Washington County Detention Center ("WCDC"), and the officers "elaborately" charged him with terroristic threats.  Plaintiff says that he has since

---

[1] The spelling of the Defendants' names is inconsistent throughout the Amended Complaint.  For clarity and for the purposes of this Report and Recommendation, this Court spells the Defendants' names as they appear on the docket caption.  The correct spellings will be updated, as necessary, when that information becomes known.

been incarcerated for fourteen months, which has caused his life to spiral downwards. He also says that these events have caused him to suffer emotional distress.

Finally, Plaintiff says that instead of providing him with necessary mental health care, the officers retaliated against him by charging him with "elaborate charges," claiming that he was calling them derogatory names. (ECF No. 6, p. 9). Plaintiff says that he has been psychologically traumatized and has suffered emotional distress.

With respect to all three claims, Plaintiff identifies Fayetteville Police Officers Benjamin Brixey, Keenan Robinson, Joseph Hall, and H. Seratt, and the State of Arkansas as defendants in their individual and official capacities. *See* (ECF No. 6). Plaintiff requests "release from bondage" and money damages. *Id.* at p. 10.

## LEGAL STANDARD

The Prison Litigation Reform Act ("PLRA") requires the Court to review cases brought by prisoners prior to service of process being issued. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A pro se complaint, moreover, is to be given liberal construction, meaning "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way

that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004). However, "they still must allege sufficient facts to support the claims advanced." *Id.* at 914 (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

## DISCUSSION

Plaintiff claims that the Defendants violated his constitutional rights. Thus, this Court considers whether he has established a plausible claim for relief under 42 U.S.C. § 1983. To state a § 1983 claim, "a plaintiff must allege a violation of a constitutional right committed by a person acting under color of state law." *Andrews v. City of West Branch, Iowa*, 454 F.3d 914, 918 (8th Cir. 2006).

### A. State of Arkansas

As a threshold matter, the State of Arkansas is immune from suit. The Eleventh Amendment generally bars suit against a state or a state agency. *See Nix v. Norman*, 879 F.2d 429, 432 (8th Cir. 1989). Further, neither a state nor a state agency is a "person" within the meaning of section 1983. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 64 (1989). Accordingly, Plaintiff's claims against the State of Arkansas should be dismissed.

### B. Excessive Force and Unlawful Detention (Claim One)

As the Court understands it, Plaintiff's first claim asserts two bases for relief: (1) Defendants Seratt, Brixey, Robinson, and Hall used excessive force against him during his arrest on March 11, 2022; and (2) his criminal charges and current detention are unlawful.

#### 1. Excessive Force

"In assessing a claim of excessive force, courts ask whether the officers' actions are

objectively reasonable in light of the facts and circumstances confronting them." *McDaniel v. Neal*, 44 F4th 1085, 1090 (8th Cir. 2022) (internal citations and quotations omitted) (cleaned up). "A court [] cannot apply this standard mechanically." *Id.* (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015)). "Rather, the inquiry requires careful attention to the facts and circumstances of each particular case." *Id.* (internal quotations and citations omitted). "Those circumstances include the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or limit the amount of force; the severity of the problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Id.* (internal quotations and citations omitted). Further, "[t]he degree of injury is certainly relevant insofar as it tends to show the amount and type of force used." *Id.* (quoting *Chambers v. Pennycook*, 641 F.3d 898, 906 (8th Cir. 2011)).

### i. *Individual Capacity Claims*

Plaintiff asserts when he was in his garage, suffering a mental health crisis, officers tackled him to the ground without any warning and then jumped on him with their knees on his back and head. Plaintiff identifies Officers Robinson, Brixey, Hall, and Seratt as defendants to this claim in their individual capacities. Recognizing that pro se pleadings are to be liberally construed, this Court finds that Plaintiff has asserted a plausible excessive force claim against Defendants Robinson, Brixey, Hall, and Seratt in their individual capacities.

### ii. *Official Capacity Claims*

Plaintiff additionally names these defendants in their official capacities. "A suit against a government official in his or her official capacity is another way of pleading an action against an entity of which an officer is an agent." *Baker v. Chisom*, 501 F.3d 920, 925 (8th Cir. 2007) (citing

*Monell v. Dep't of Social Services*, 436 U.S. 658, 690 n.55 (1978)).  Put differently, "the real party in interest in an official-capacity suit is the governmental entity and not the named official."  *Baker*, 501 F.3d at 925 (quoting *Hafer v. Melo*, 502 U.S. 21, 25 (1991)).  Thus, in this case, Plaintiff's claims against the Defendants in their official capacities is the same as a claim against the City of Fayetteville, the Defendants' employer.

A municipality, such as the City of Fayetteville, "may be held liable for a constitutional violation under section 1983 if the violation resulted from (1) an official municipal policy; (2) an unofficial custom; or (3) a deliberately indifferent failure to train or supervise."  *Jackson v. Stair*, 944 F.3d 704, 709 (8th Cir. 2019) (quoting *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 699 (8th Cir. 2016)).  Here, Plaintiff asserts that individuals who are black, under the influence of substances, and suffering a mental health crisis are "elaborately" charged, illegally detained, and denied mental health treatment in violation of their constitutional rights. (ECF No. 6, p. 7). Such allegations are simply conclusory. As such they are insufficient to establish a plausible official capacity claim.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are simply insufficient to establish a plausible cause of action.)

Setting these conclusory allegations aside, Plaintiff asserts no facts suggesting the defendants acted pursuant to an official City of Fayetteville policy when they purportedly used excessive force against him on March 11, 2022.  Similarly, there is no factual matter in the Amended Complaint establishing that the use of excessive force was part of a continuing, widespread, persistent pattern of unconstitutional conduct by Fayetteville police officers. *See Ware v. Jackson County, Mo.*, 150 F.3d 873, 880 (8th Cir. 1998) (an unconstitutional custom is

6

demonstrated by, in part, "the existence of a continuing, widespread, persistent pattern of unconstitutional conduct by the government entity's employees") (quotation omitted). Indeed, he asserts no facts establishing any pattern of unconstitutional conduct at all. *See id.* at 882 (citing *McGautha v. Jackson County, Mo., Collections Dept.*, 36 F.3d 53, 57 (8th Cir. 1994) ("Lability for an unconstitutional custom or usage [] cannot arise from a single act.")). Finally, Plaintiff does not claim that the alleged use of excessive force was the result of some failure to train or supervise.

Accordingly, Plaintiff has failed to assert a plausible excessive force claim against the Defendants in their official capacities and this claim should be dismissed.

### 2. Unlawful Arrest and Detention

As the Court understands it, Plaintiff also claims his arrest, prosecution, and detention are unlawful. One of his requests for relief is "release from bondage." (ECF No. 6, p. 10).

A section 1983 action, however, "is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). In *Preiser*, the United States Supreme Court made clear that "when a state prisoner is challenging the very fact or duration of his physical confinement, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser*, 411 U.S. at 500. Accordingly, to the extent Plaintiff requests release from custody, such a claim is not a cognizable § 1983 claim and should therefore be dismissed on that basis.

Further, in *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held:

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction

7

> or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id.* at 477.

Thus, pursuant to *Heck*, a § 1983 claim stemming from an allegedly unlawful detention, arrest, or prosecution does not arise until (or unless) the detainee has successfully challenged that detention or prosecution through habeas or some other proceeding. *Portley-El v. Brill*, 288 F.3d 1063, 1066 (8th Cir. 2002). In this case, Plaintiff asserts no facts suggesting that his current detention has been deemed unlawful through some other mechanism or that he has successfully challenged his current purportedly unlawful criminal charges. *See* (ECF No. 6). Plaintiff's claims stemming from his purportedly unlawful arrest, prosecution, and detention are thus *Heck*-barred.

### C. Failure to Provide Mental Health Care (Claim Two)

Regarding claim two, Plaintiff asserts that Defendants Brixey, Robinson, Hall, and Seratt transported him to the jail and failed to provide him with any mental health treatment even though they had responded to a "mental health" 911 call. (ECF No. 6, pp. 6-7).

Courts analyze failure to provide medical care claims brought by pretrial detainees such as Plaintiff under the same Eighth Amendment "deliberate indifference" standard that applies to prisoners. *See Barton v. Taber*, 908 F.3d 1119, 1123-24 (8th Cir. 2018). "Whether an official was deliberately indifferent requires both an objective and subjective analysis." *Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014) (citing *Scott v. Benson*, 742 F.3d 335, 339-40 (8th Cir. 2014)). "Under the objective prong, [plaintiff] must establish that he suffered from an objectively serious medical need." *Id.* To be objectively serious, "a medical need must have been diagnosed by a

8

physician as requiring treatment or must be so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Id.* (internal quotation and citation omitted). Under the subjective prong, plaintiff must show that an official "actually knew of but deliberately disregarded his serious medical need." *Id.* (internal quotation and citation omitted).

Plaintiff's claim fails both prongs. First, while Plaintiff claims he was under the influence of substances and experiencing a "mental health crisis," such allegations are conclusory. Plaintiff does not describe any facts about his condition at the time of his arrest that would lead a layperson to conclude that he needed immediate medical care, including mental health care. Second, the subjective prong requires Plaintiff to show that Defendants knew Plaintiff required mental health treatment and disregarded a known risk to his health in transporting him to the WCDC. *See Jackson*, 756 F.3d at 1065. "This showing requires a mental state 'akin to criminal recklessness.'" *Id.* (quoting *Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir. 2006)). Here, there is no factual assertion that Defendants disregarded a known risk to Plaintiff's mental health in failing to transport him to a mental health hospital. Indeed, Plaintiff fails to assert any risk of harm at all. *See id.* (deliberate indifference requires "more than negligence, more even than gross negligence"); *see also Grayson v. Ross*, 454 F.3d 802, 809 (8th Cir. 2006) (finding that officers lacked knowledge of a serious medical need when "once arrested, [arrestee] sat calmly in the back of the patrol car, followed directions, answered questions posed, and remained quiet and seated on a bench inside the jail"). Accordingly, Plaintiff has failed to assert a plausible claim that the Defendants' failure to transport him to a mental health facility violated his constitutional rights. Plaintiff's claim two should therefore be dismissed without prejudice.

### D. Retaliation (Claim Three)

Finally, with respect to claim three, Plaintiff asserts that Defendants retaliated against him for calling them "derogatory names" by refusing to transport him to a mental health hospital and charging him with "elaborate charges." (ECF No. 6, p. 9).

To establish a plausible retaliation claim, the plaintiff must show: "(1) he engaged in protected activity, (2) officials took adverse action against him that would chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity." *DeRossitte v. Correct Care Sol., LLC*, 22 F.4th 796, 804 (8th Cir. 2022).

Here, setting aside the question of whether calling the officers derogatory names is a protected activity under the First Amendment, Plaintiff's retaliation claim fails to pass the plausibility threshold with respect to the third prong. Here, Plaintiff must show the "protected activity was 'but-for cause' of the adverse action, meaning that the adverse action against [him] would not have been taken absent a retaliatory motive." *DeRossitte*, 22 F.4th at 804 (quoting *Graham v. Barnette*, 5 F.4th 872, 889 (8th Cir. 2021)). Plaintiff asserts no facts establishing that he would not have been charged or that he would have been taken to the mental health hospital if he had not called them derogatory names. "Merely alleging that an act was retaliatory is insufficient." *Meuir v. Greene Cnty. Jail Employees*, 487 F.3d 1115, 1119 (8th Cir. 2007). Accordingly, Plaintiff's retaliation claim should similarly be dismissed.

## CONCLUSION

In sum, having reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, this Court recommends that: (1) Plaintiff's claims against Defendants Seratt, Brixey, Robinson, and Hall in

their individual capacity for their purported use of excessive force against him during his March 11, 2022, arrest (claim one) **PROCEED**; (2) all other claims be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted, *see* 28 U.S.C. § 1915A(b)(1); and (3) the State of Arkansas be terminated as a defendant to this action.

The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). **The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**STATUS OF REFERRAL:** This case remains referred consistent with these recommendations.

**RECOMMENDED** this 7th day of February 2025.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE